# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS P. RATESI,**

            **Plaintiff,**

**-vs-**                                                **Case No. 6:05-cv-1825-Orl-KRS**

**SUN STATE TREES & PROPERTY**
**MAINTENANCE, INC., RANDALL A.**
**NELLIS, DOROTHY J. NELLIS,**

            **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (Doc. No. 33)** |
| **FILED:** | **December 7, 2006** |

Plaintiff Thomas P. Ratesi moves for an order compelling Defendants Sun State Trees & Property Maintenance, Inc., Randall A. Nellis, and Dorothy J. Nellis to submit answers to interrogatories and to produce documents responsive to his requests for production of documents. Doc. No. 33.  Both the interrogatories and requests for production were served in October 2006. Doc. No. 33-2 (interrogatories), 33-3 (requests for production).  Ratesi also requests sanctions pursuant to Federal Rule of Civil Procedure 37. The defendants have responded, and indicate that the requested discovery was produced in late December 2006.  Doc. No. 35.

Inasmuch as the requested discovery has been produced, albeit late, the request for an order to compel is **DENIED as moot**.

Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, "or if the disclosure or requested discovery is provided after the motion was filed, the court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure . . . was substantially justified, or that other circumstances make an award of expenses unjust."

Counsel for the defendants represents that counsel for Ratesi first contacted them in early December 2006 to discuss the defendants' discovery responses. Counsel for the defendants "explained that he had recently begun working on this case and needed additional time to time. Counsel for [Ratesi] was agreeable and stated he was merely calling so as to technically comply with his 3.01(g) obligations." Doc. No. 35 at 1. Counsel for the defendants represents that counsel for Ratesi did not object to the request that he be given additional time to respond to the outstanding discovery. *Id*.

Based on the foregoing, I conclude that sanctions are inappropriate. Counsel for Ratesi did not first make a good faith effort to obtain the discovery without Court action. While it was appropriate for counsel for Ratesi to file a motion to compel before the close of discovery, to preserve Ratesi's rights to object, it is not appropriate to seek sanctions when there was an

understanding between counsel that the discovery would be produced at a later time.  Accordingly, the request for sanctions is **DENIED**.

No deadlines in this case, including the deadline for filing dispositive motions, are extended by this Order.

**DONE** and **ORDERED** in Orlando, Florida on January 3, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties