**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THOMAS P. RATESI,**

     **Plaintiff,**

-vs-                 **Case No. 6:05-cv-1825-Orl-KRS**

**SUN STATE TREES & PROPERTY**
**MAINTENANCE, INC., RANDALL A.**
**NELLIS, DOROTHY J. NELLIS,**

     **Defendants.**

_____

## ORDER

On December 8, 2005, Plaintiff Thomas P. Ratesi filed a complaint against Defendants Sun State Trees & Property Maintenance, Inc. ("Sun State"), Randall A. Nellis, and Dorothy J. Nellis for alleged violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Doc. No. 1. The complaint alleges that the defendants willfully violated the FLSA. *Id.* ¶ 11. The defendants answered the complaint, and denied the willfulness allegation. Doc. No. 17 ¶ 11.

Presently before the Court is Defendants' Motion for Partial Summary Judgment, in which the defendants contend that the undisputed facts establish that any violation of the FLSA was not willful. Doc. No. 41. Ratesi responded to the motion. Doc. No. 43. In support of their positions, the parties submitted the following:

- Deposition of Thomas P. Ratesi ("Ratesi Dep."), doc. no. 42-2;

- Affidavit of Randall A. Nellis ("Nellis Aff."), doc. no. 42-3;

- WHISARD Compliance Action Report ("Compliance Report"), doc. no. 42-4;

- Deposition of Randall Nellis ("Nellis Dep."), doc. no. 46-2; and

- Affidavit of Kelvin Lopez ("Lopez Aff."), doc. no. 43-2.

Additionally, the parties cite Ratesi's Answers to Court Interrogatories, doc. no. 16-2 ("Ratesi Answers"), and other documents filed in this case. Pursuant to the consent of the parties, this matter was referred to me for disposition under 28 U.S.C. § 636(c). Doc. Nos. 27-29.

**I.      STATEMENT OF FACTS.**

Randall Nellis is the President and Dorothy Nellis is the Secretary of Sun State. Nellis Dep. at 9. Randall Nellis did not have knowledge or training regarding payment of overtime compensation. *Id*. at 21. Sun State had posters that discussed legal requirements, such as worker's compensation and minimum wage, but Randall Nellis had not read them. *Id*. at 47-49.

Sun State used payroll companies to handle payment of wages to its workers. *Id*. at 33. Workers would call in the number of hours they worked each day, and the hours were later reported to the payroll company. *Id*. at 34-38, 42. After the hours were reported to the payroll company, Randall Nellis discarded the notes that had been made of the hours reported by the workers. *Id*. at 46.

Ratesi was hired by Sun State in 1993 as a general laborer. Ratesi Answers ¶ 1. Ratesi then became a "tree climber" and retained this position until his termination in June 2005. Ratesi Dep. at 18-20. During Ratesi's employment, Randall Nellis was the owner of Sun State and set its wage policies. Nellis Aff. ¶ 3. Ratesi and Randall Nellis agreed that Ratesi would be paid a day rate for his services. *Id*. ¶ 4. Randall Nellis believed that a day rate was a fair method for paying

an employee. *Id*.; Nellis Dep. at 20-23; *see also* Ratesi Dep. at 52.  In some of his past jobs, Nellis may have been paid overtime, but in others he was only paid a day rate.  Nellis Dep. at 15, 20, 22.

Ratesi avers that between September 1, 2002, and October 1, 2004, he worked approximately sixty hours per week, and never received compensation for any hours worked over forty.  Ratesi Answers ¶ 6.  Nevertheless, Ratesi never complained to anyone at Sun State regarding failure to compensate him for overtime work while he was employed by Sun State.  Ratesi Dep. at 50-51.

However, Kelvin Lopez, who worked with Ratesi between October 2002 and December 2003, averred that he "complained to [his] immediate supervisor" and to "Randall Nellis about not receiving overtime compensation" on numerous occasions.  Lopez Aff. ¶¶ 3-5.  "In response to the complaint, Randall Nellis stated that the company did not have to pay overtime.  Randall Nellis never explained to [Lopez] why the company did not have to pay overtime."  *Id*. ¶ 5.

Randall Nellis averred that "[p]rior to November/December 2004, neither Sun State Trees nor I ever received any inquiries or complaints from any governmental entities about Sun State Trees' pay practices."  Nellis Aff. ¶ 5.  He further attests that "[p]rior to November/December 2004, neither Sun State Trees nor I were ever sued or put on notice from anyone that Sun State Trees' pay practices may be in violation of the FLSA's overtime provisions."  *Id*. ¶ 6; Nellis Dep. at 61-62.

In November and December 2004, the United States Department of Labor conducted an onsite employment standards compliance review of Sun State for the period of November 29, 2002, through November 26, 2004. Victor Nieves, the Wage and Hour Inspector, concluded that

there were no FLSA wage or overtime violations. Nellis Aff. ¶ 7, & Compliance Report.[1] However, Nieves "found no instances of overtime work weeks, which is considered rare in the landscaping industry," and he noted some discrepancies between the work schedules and the maximum forty hour work weeks reported, "which indicated questionable or possible violations." Compliance Report at 6. Nieves also concluded that Sun State violated the requirement that it keep accurate records. *Id*. at 2, 6. The Compliance Report reflects that Nieves discussed with Nellis his concerns that overtime work had been performed but not properly reported to the payroll company. *Id.* at 6.

## II.    STANDARD OF REVIEW.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"The party seeking summary judgment bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrate the absence of a genuine issue of a material fact.'" *Cox v. Adm'r United States Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)), *modified on other grounds*, 30 F.3d 1347 (11th Cir. 1994). Once that showing has been made, the burden shifts to the party opposing the motion to establish, "through the record presented to the court, that it is able to prove

---

[1] Ratesi contends that this report should be stricken as inadmissible hearsay. Doc. No. 43 at 5 n.2. However, the report is not offered to show the truth of the matter therein asserted (*i.e.*, that Sun State did not violate the FLSA overtime provisions). Rather, it is probative of defendants' state of mind. Accordingly, it is not hearsay. Fed. R. Evid. 801(c).

evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United Am. Bank*, 83 F.3d 1347, 1349 (11th Cir. 1996).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof." *Celotex*, 477 U.S. at 322. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. After doing so,

> the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed."

*Id*. at 252 (quoting *Schuylkill and Dauphin Improvement Co. v. Munson*, 81 U.S. 442, 448 (1871)).

### III.    ANALYSIS.

Under the FLSA, the usual statute of limitations is two years. 29 U.S.C. § 255(a). However, "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *Id*. Thus, if the defendants are found to have violated the FLSA, overtime compensation can be recovered only for the period between December 8, 2003 (two years prior to the filing of the complaint in this case) and October 1, 2004 (the last date for

which Ratesi seeks overtime). If the violation was willful, however, overtime compensation could be recovered between December 8, 2002 and October 1, 2004.

Ratesi contends that whether the evidence is sufficient to establish willfulness is a jury question, and that disputed issues of fact preclude summary judgment. The defendants contend that the undisputed evidence establishes that any violations of the FLSA were not willful.

The employee bears the burden of showing that the employer acted willfully. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Palmer v. Stewart County Sch. Dist.*, 178 Fed. Appx. 999, 1005 (11th Cir. 2006) (per curiam). "To establish a willful violation the FLSA, [the plaintiff] must show that the [the defendant] either knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the statute." *Palmer*, 178 Fed. Appx. at 1005 (citing *McLaughlin*, 486 U.S. at 133). Mere negligence is insufficient to support a finding of willfulness. *Id.*; *see also Reich v. Ala. Dept. of Conservation and Natural Res.*, 28 F.3d 1076, 1084 (11th Cir. 1994).

In the present case, disputed issues of material fact exist regarding whether the defendants knew or showed a reckless disregard of their obligations under the FLSA. Ratesi presented evidence that Kelvin Lopez complained to Randall Nellis, sometime between October 2002 and December 2003, about the failure to pay overtime compensation. If a jury believes Lopez's testimony, his complaint regarding failure to pay overtime compensation would be sufficient to trigger a duty for the defendants to investigate whether Sun State's pay practices complied with the FLSA overtime provisions when, as here, there is no evidence that the defendants had reason to

believe that its employees were exempt from the FLSA provisions.[2] *Compare Davis v. Charoen Pokphand (USA), Inc.*, 302 F. Supp. 2d 1314, (M.D. Ala. 2004)(summary judgment denied because plaintiffs complained about failure to pay for overtime work but employer continued its pay practices without investigating whether they complied with the FLSA) *with Henderson v. Payless Shoes*, No. CV204-70, 2006 WL 346467, at * 7-8 (S.D. Ga. Feb. 14, 2006)(summary judgment granted to employer on question of willfulness when evidence established that employer believed that plaintiff, a manager, was exempt from the FLSA overtime provisions).

     Nellis's reliance on the Compliance Report to support his assertion that he had no reason to believe his pay practices did not comply with the FLSA does not support a finding that any violation of the FLSA was not willful. First, the Department of Labor's investigation occurred after the events at issue in this case. Second, while the Department of Labor found no violations based on the information presented to it, the report reflects that the investigator raised significant concerns about compliance with the overtime requirements of the FLSA because Sun State did not maintain employees' timesheets, there were discrepancies between work schedules and the reported forty-hour work weeks, and Sun State never reported overtime work, which was rare in the landscaping business. Thus, even if the investigation had occurred during the time at issue, the investigator's expression of concern about Sun State's pay practices undermines an argument that Randall Nellis reasonably relied upon the Compliance Report as establishing that Sun State's pay practices were appropriate.

---

[2] In his answers to the Court's interrogatories, Ratesi averred that Randall Nellis told him that Sun State employees were exempt agricultural workers. Ratesi Answers ¶ 9. The defendants do not argue that they relied upon an agricultural exemption in their motion.

Because of these material issues of disputed fact, summary judgment is not appropriate on the issue of whether any violation of the FLSA was willful.

## IV.   CONCLUSION.

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment, doc. no. 41, is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on March 30th, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties