# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

THOMAS P. RATESI,

                    Plaintiff,

-vs-                                             Case No.  6:05-cv-1825-Orl-KRS

SUN STATE TREES & PROPERTY
MAINTENANCE, INC., RANDALL A.
NELLIS, DOROTHY J. NELLIS,

                    Defendants.
_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (Doc. No. 57)** |
| **FILED:** | **May 9, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

In October 2006, Plaintiff Thomas P. Ratesi served Plaintiff's First Set of Interrogatories to

Defendant Sun State Trees & Property Maintenance, Inc. [Sun State], doc. no. 57-2, and Request

for Production of Documents, doc. no. 57-3.  In December 2006, Ratesi moved for an order

compelling answers to interrogatories and responses to the document requests.  Doc. No. 33.

Based on the defendants' representation that the discovery was provided in late December, doc.

no. 35, I denied the motion as moot, doc. no. 38.

Ratesi now moves for an order compelling more complete answers to interrogatories 6, 7, and 8 and responses to the requests for production.  He also requests sanctions.  Doc. No. 57.  The defendants responded.  Doc. No. 60.  Ratesi then filed a reply with leave of Court.  Doc. Nos. 63, 64.  The discovery deadline in this case was May 25, 2007, and the deadline for filing dispositive motions was June 11, 2007.  Doc. No. 52.

    *A.*    *Interrogatories.*

        1.    Interrogatories 6 and 8.

Interrogatory 6 requested the "name, current and last known address and job title of each and every person who supervised [Ratesi] at [Sun State]."  Doc. No. 57-2 at 11.  The defendants answered by providing the names of all of Ratesi's supervisors, but not their addresses or titles.  Doc. No. 57 at 4.

Interrogatory 8 requests the "name, address, and telephone number [of] all persons who have knowledge concerning any claim or defense asserted in this case and for each person identified state the knowledge each possesses."  Doc. No. 57-2 at 13.  The defendants answered by providing the names of eleven persons, with a reservation to amend the list.  Doc. No. 57 at 4.  The answers did not include contact information or a statement regarding the knowledge possessed by the person identified.

In response to both interrogatories, the defendants point out that Ratesi has already deposed many of the persons identified.  Doc. No. 60 at 2.  In any event, the defendants agree to amend their answers to include the "addresses" of the persons identified.  *Id.*

The defendants' answers to these interrogatories were deficient because they did not provide the requested contact information, or, with respect to interrogatory 8, the requested statement regarding knowledge.  Therefore, the defendants must supplement their answers to these interrogatories as agreed. To the extent that Ratesi has been able to depose the persons identified, the requested statements regarding knowledge are moot.  For any of the persons identified who have not been deposed, though, the defendants must provide the requested statement regarding knowledge.  The supplemental sworn answers must be provided by June 29, 2007.

      2.    <u>Interrogatory 7</u>.

Interrogatory 7 requests the "name, address and telephone number [of] all persons who were employed by [Sun State] during [Ratesi's] employment."  Doc. No. 57-2 at 12.  Ratesi contends that the requested "information is relevant to this matter as all employees working with the Plaintiff are potential witnesses to this matter."  Doc. No. 57 at 5.  The defendants objected to the interrogatory as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Doc. No. 57 at 4.  In particular, they argue that this interrogatory is overly broad in that it covers a time frame larger than the period in dispute.

As explained in the Order denying the defendants' motion for partial summary judgment, there is a genuine issue of material fact with respect to the appropriate statute of limitations in this case.  *See* Doc. No. 48.  However, in no event is the period at issue greater than three years.  *See* 29 U.S.C. § 255(a).

As written, this interrogatory may require information about employees who did not work with Ratesi during the relevant period (for example, whose employment ended before the period at

-3-

issue), and would therefore be overbroad.  However, if limited to the three years potentially at issue in this case, the requested information is reasonably discoverable.

Accordingly, it is **ORDERED** that on or before June 29, 2007, the defendants shall serve a sworn supplemental answer to interrogatory 7 as to employees working for Sun State during the time Ratisi was employed there but no earlier than three years before the complaint was filed in the present case.

B.      *Requests for Production.*

Ratesi contends that the defendants have produced no documents responsive to his requests for production.  Doc. no. 57 at 5.  The defendants contend that they responded to the request for production on December 26, 2006, and attached a copy of the response.  Doc. No. 60 & Ex. A. Counsel for the defendants states that he spoke with Ratesi's former counsel regarding the documents disclosed and they agreed that the documents "would be produced . . . at an unspecified time."  Doc. No. 60 at 3.  Additionally, the defendants "have recently found additional documents and those documents will be served on [Ratesi] within five days of filing this response."  *Id.*

Counsel for Ratesi maintains that the documents have never been received, despite numerous requests.  *See* Doc. Nos. 63 at 2; 64-2, 64-3.  Additionally, counsel for Ratesi points out that the certificate of service submitted by the defendants indicates that service was made to an old address.  *Compare* Doc. No. 60 Ex. A at 3 (indicating address served as 1720 South Orange Ave.) *with* Doc. No. 24 (indicating change of address to 250 North Orange Ave.).

The evidence indicates that the defendants served their responses on an old address, after receiving notice of the address change through the Court's CM/ECF system.  Furthermore, even

-4-

assuming that counsel agreed to disclose the documents at an unspecified time, the documents submitted in support of Ratesi's reply indicate that Ratesi later made several specific requests for the documents.

Based on the foregoing, it appears that the documents either were not produced or were not directed to the proper address.  Therefore, it is **ORDERED** that on or before June 29, 2007, the defendants must produce for inspection and copying all documents within their possession, custody, or control for inspection and copying that are responsive to Ratesi's request for production of documents (reproduced at doc. no. 57-3), and agreed to be produced in the response, doc. no. 60.

The parties are advised that this order does not extend any deadlines, including the deadline for filing dispositive motions.

C.      *Sanctions*.

Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted in part and denied in part, the Court may apportion reasonable expenses incurred among the parties in a just manner, but an award of expenses is not required.  I conclude that the appropriate result is to require each side to bear its own fees and costs with respect to the present dispute.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-5-