# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS P. RATESI,**

      **Plaintiff,**

-vs-                                                  Case No. 6:05-cv-1825-Orl-KRS

**SUN STATE TREES & PROPERTY MAINTENANCE, INC., RANDALL A. NELLIS, DOROTHY J. NELLIS,**

      **Defendants.**

_____

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO COMPLY WITH COURT'S ORDER DATED JUNE 20, 2007 (Doc. No. 66)
>
> **FILED:** July 3, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

The deadline for completion of discovery in this case was originally December 8, 2006. Doc. No. 30. On April 11, 2007, counsel for all parties jointly moved to continue the dates established in the Case Management and Scheduling Order, including the discovery deadline. Doc. No. 50. I granted the motion and reopened discovery through May 25, 2007. Doc. Nos. 52, 54.

On May 9, 2007, Plaintiff Thomas P. Ratesi filed a motion to compel Defendant Sun State Trees & Property Maintenance, Inc. (Sun State) to provide more complete answers to Ratesi's

interrogatory numbers 6, 7 and 8.[1]  Doc. No. 57.  Interrogatory number 6 asked for the "'name, current and last known address and job title of each and every person who supervised [Ratesi] at Sun State.'"  Doc. No. 65 at 2 (quoting Doc. No. 57-2 at 11).  Interrogatory number 7 asked for the "'name, address and telephone number [of] all persons who were employed by [Sun State] during [Ratesi's] employment.'" *Id.* at 3 (quoting Doc. No. 57-2 at 12).  Interrogatory number 8 asked for the "'name, address, and telephone number [of] all persons who have knowledge concerning any claim or defense asserted in this case and for each person identified state the knowledge each possess.'" *Id.* at 2 (quoting Doc. No. 57-2 at 13).  By order dated June 20, 2007, I granted the motion in part.  Doc. No. 65.  I ordered Sun State to do the following on or before June 29, 2007:

   1.   Supplement the answer to interrogatories 6 and 8 with the addresses of the persons identified, as Sun State had agreed to do;

   2.   With respect to interrogatory number 8, supplement the answer to state the knowledge of relevant facts possessed by each person named in response to the interrogatory, except that Sun State was not required to state the knowledge of any named individual who had been deposed in the case; and,

---

   [1] Ratesi also moved to compel production of documents responsive to his request for production of documents.  Sun State subsequently produced responsive documents.  As discussed at the hearing on the present motion, there is no evidence that Sun State has possession, custody or control of responsive documents that have not been produced.  Accordingly, I denied that portion of the motion for sanctions on the record during the hearing.  This order will, therefore, discuss only the motion for sanctions as it pertains to the required supplemental responses to interrogatories 6, 7 and 8.

      3.      Supplement the answer to interrogatory 7 by providing the names, addresses and telephone numbers of "employees working for Sun State during the time Rat[e]si was employed there but no earlier than three years before the complaint was filed in the present case."

At the final pretrial conference, counsel for Defendants stated that everyone identified in response to interrogatories 6 and 8 had been deposed, so no supplemental answers were served. With respect to interrogatory number 7, which essentially sought identification of Ratesi's co-workers, counsel for Sun State represented that he was still looking for the information. The only excuse he offered for his failure to find and produce the information by June 29, 2007, as required by my order, was that he thought the addresses were on payroll records that had been produced to Ratesi.

## II.   APPLICABLE LAW.

Federal Rule of Civil Procedure 37 sets forth the sanctions available for discovery violations. If a party disobeys a Court order requiring it to provide discovery, the Court may enter such orders in regard to the failure as are just, including all of the sanctions enumerated in Rule 37(b)(2). The enumerated sanctions include an order that the facts in dispute be taken to be established in favor of the party seeking the motion, an order precluding the party refusing to comply with the order from opposing or presenting evidence in opposition to the movant's claims, and an order striking the offending party's pleadings. The Court may also order, in lieu of or in addition to these sanctions, that the party pay the reasonable expenses, including attorney's fees, caused by the failure unless the Court finds that the failure was substantially justified or that other circumstances make such an award unjust. Fed. R. Civ. P. 37(b)(2).

The standard of review for sanctions imposed under Rule 37 is whether the trial court abused its discretion in imposing sanctions. *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). In reviewing the trial court's exercise of discretion, the reviewing court will consider whether "a less drastic but equally effective remedy could have been fashioned." *Aztec Steel Co. v. Fla. Steel Corp.,* 691 F.2d 480, 481-82 (11th Cir. 1982). The Supreme Court has observed, however, that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League*, 427 U.S. at 643.

## III.   ANALYSIS.

There is no dispute that Sun State failed to comply with my order compelling discovery. Counsel for Sun State argues, however, that Ratesi was not prejudiced by the failure to abide by my order because the individuals who supervised Ratesi (interrogatory number 6) and the individuals with knowledge of the underlying facts (interrogatory number 8) were deposed during discovery. Therefore, he contends that while Sun State did not provide supplemental answers as directed, the omission was harmless. Counsel for Ratesi argued, essentially, that there was no way to know whether the individuals deposed were all of the supervisors and other individuals with knowledge about the case, but he offered no information from Ratesi or others suggesting that there are other individuals who should have been identified in response to interrogatory numbers 6 and 8.

Under these circumstances, I cannot conclude that Ratesi was actually prejudiced by Sun State's failure to abide by my order regarding interrogatories 6 and 8. Nevertheless, "Rule 37

-4-

sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co.*, 691 F.2d at 482.

Sun State's failure to comply with my order regarding the response to interrogatory number 7 is more egregious. Had counsel for Ratesi timely received the supplemental response to interrogatory 7 identifying Ratesi's coworkers and providing their addresses as required by my order, he could have attempted to contact the identified individuals to determine whether they had knowledge of the overtime hours worked by Ratesi and whether, as Sun State asserted at the hearing, Ratesi came in late and took long lunches. Even though discovery was closed as of June 29, 2007, counsel for Ratesi could also have filed a motion for a limited reopening of discovery to depose the belatedly identified individuals. At this point in the case, neither of these options is available. The final witness lists have been filed. Trial is scheduled to begin on September 12, 2007. Therefore, I find that Ratesi has been prejudiced by Sun State's failure to comply with my June 20, 2007, Order.

Determining the appropriate sanction is complicated by the fact that Ratesi appears to have propounded interrogatory number 7 only to Sun State, not to the individual defendants, *see* doc. no. 57-2, and the Court did not compel the individual defendants to respond to interrogatory number 7. It would, therefore, be inappropriate to preclude Defendants Randall A. and Dorothy J. Nellis from presenting testimony from Ratesi's coworkers and supervisors because they did not violate the Court's discovery order. Moreover, if Sun State's answer were stricken, as Ratesi requests, and the individual defendants prevail at trial, it would be inequitable for the Court to enter a default judgment against Sun State. *See*, *e.g.*, *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499 (11th Cir. 1984).

Accordingly, I conclude that the most appropriate sanction is to give an adverse inference instruction to the jury and to require Sun State to pay the reasonable attorneys' fees and costs incurred in bringing the present motion. The instruction would advise the jury that Sun State failed to abide by an order requiring it to identify other individuals who worked with Ratesi during the relevant time, and permit the jury to infer that the individuals who should have been disclosed would have testified consistently with Ratesi about the number of overtime hours he worked.

**IV.    CONCLUSION.**

Accordingly, it is **ORDERED** that counsel for Ratesi shall file and serve a proposed adverse inference instruction on or before September 6, 2007. It is further **ORDERED** that, following the trial of the case, counsel shall confer in a good faith effort to agree to the attorneys' fees and costs incurred in filing the present motion. If they are unable to reach agreement, Ratesi may file a motion for assessment of attorneys' fees and costs on or before October 1, 2007.

**DONE** and **ORDERED** in Orlando, Florida on August 31, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties